IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN KEITH ALFORD,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:22-cv-3098** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **MR. PRESSLEY,** *et al.*, | : | **Magistrate Judge Karen L. Litkovitz** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff Brian Keith Alford's Objections (ECF No. 5) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 4) recommending that Plaintiff's Motion for Extension of Time to Pay Required Filing Fee (ECF No. 3) be denied, and the case be dismissed without prejudice for want of prosecution. (EFC No. 4 at 3). For the reasons explained below, this Court **OVERRULES** Plaintiff's Objections (ECF No. 5) and **ADOPTS** the Magistrate Judge's R&R (ECF No. 4). Accordingly, Plaintiff's Motion for Extension of Time to Pay Required Filing Fee (ECF No. 3) is **DENIED,** and the case is **DISMISSED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

**A.  Factual Background**

Plaintiff is an Ohio prisoner at the Ross Correctional Institution, proceeding without the assistance of counsel. (ECF No. 1). On August 11, 2022, Plaintiff filed a civil rights complaint against the Adult Parole Authorities, the entity within the Ohio Division of Parole and Community Services responsible for the release and supervision of adult felony offenders returning to local communities from prison. (*Id.* at 1). Plaintiff alleges retaliation for exercising his "First

Amendment Right to seek redress of wrongs—civil litigation—with one or more Defendants having knowledge and/or involvement in a campaign of retaliatory acts" leading to a continuance of his parole. (*Id.* at 2).

Plaintiff asserts that on July 29, 2022, he attended a parole hearing with Defendants, during which he was asked how he spent his time while imprisoned. (*Id.*). Plaintiff responded that his time is spent litigating and proceeded to list pending litigation Plaintiff had brought against prison staff. (*Id.*). Plaintiff alleges that the parole panel then asked him questions specific to the various cases he has pending against prison staff, including claims for defamation and excessive use of force. (*Id.* at 2–3). Plaintiff was asked to leave the room while the panel deliberated, and after ten minutes he was informed that his parole was denied for another forty-eight months. (*Id.* at 3). The record suggests that Plaintiff inferred this denial was retaliatory because of his pending litigation against prison staff. (ECF No. 1).

Plaintiff also asserts that the parole denial issued on July 29, 2022, was a violation of his Due Process rights because Defendants failed to adhere to the Adult Parole Authorities rules and regulations. (*Id.* at 4-5). Plaintiff relies on portions of the Ohio Revised Code and the Ohio Administrative Code that: (1) relate to the supervision of persons who are on probation, have been conditionally pardoned, or already paroled, and the revocation of such releases; and (2) relate to release violations and parole revocations hearings. O.R.C. Ann. §§ 2301.28, 2967.15(B); O.A.C. Ann. §§ 5120:1-1-17, 1-1-18(G), 1-1-31. The state statutes Plaintiff cites to support his due process violation allegation, however, do not apply to him based on the facts alleged in the Complaint because he was not under a community control sanction, and the July 29, 2022 parole hearing was not for revocation of a previously granted parole. *Id.* Plaintiff also fails to allege how Defendants violated the above rules and regulations. (ECF No. 1).

**B.  Procedural Background**

Plaintiff filed a civil rights claim on August 11, 2022. (ECF No. 1). In his Complaint, Plaintiff requested a sixty-day extension to pay the required filing fee, while "awaiting an $1,800 check from the IRS." (*Id.* at 6). The Magistrate Judge issued a Deficiency Order on August 16, 2022, granting Plaintiff's request for a sixty-day extension. (ECF No. 2 at 2). The Deficiency Order stated that no further extensions would be entertained, and if Plaintiff failed to comply with the Deficiency Order, "the Court shall dismiss this case for want of prosecution." (*Id.* at 2–3).

Despite the Magistrate Judge's order, on October 14, 2022, Plaintiff filed a motion requesting an additional forty-five days to pay the required filing fee. (ECF No. 3). Plaintiff asserts that he has not yet received the $1,800 check from the IRS and submitted a form inquiring about the status of this payment on August 4, 2022. (*Id.* at 1). Plaintiff was advised by prison staff that the payment would arrive six to nine weeks after the filing of the form. (*Id.* at 1–2). It is this Court's understanding that as of the date of this Opinion & Order, Mr. Alford has yet to receive the check.

On October 18, 2022, the Magistrate Judge issued an R&R. (ECF No. 4). Based on the previous warning that additional extensions would not be granted, Plaintiff's Motion for Extension of Time to Pay Required Filing Fee was denied. (*Id.* at 2). The Magistrate Judge also recommended that the case be dismissed without prejudice for want of prosecution because of Plaintiff's failure to comply with the Deficiency Order. (*Id.*). Plaintiff timely filed an Objection. (ECF No. 5).

## II.      STANDARD OF REVIEW

If a party objects within fourteen days to the magistrate judge's proposed findings and recommendations, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The district court may "accept, reject or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b). On the other hand, if a party fails to object timely to the magistrate's recommendation, that party waives the right to de novo review by the district court of the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Waiver does not, however, "preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

A party's objection should be specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The onus is on the objecting party "to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quotation marks and citation omitted). When a pleader fails to raise specific issues, the district court will consider this to be "a general objection to the entirety of the magistrate report [, which] has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.    LAW & ANALYSIS

Plaintiff objects to the R&R regarding the denial of his Motion for Extension of Time to Pay Required Filing Fee. (ECF No. 6). When the Magistrate Judge granted Plaintiff a sixty-day extension to pay the filing fee or submit an *in forma pauperis* application by October 17, 2022, the Magistrate Judge made clear that no further extension would be granted. (ECF No. 4 at 2). Plaintiff was given sixty days to cure the deficiency presented, when this Court generally requires this type

4

of deficiency—especially for plaintiffs with "three strikes"—to be cured within thirty days. (*Id.*).

Therefore, a denial of further extension of time was warranted. (ECF No. 3).

Plaintiff asserts that his failure to comply with the Order is due to not receiving the anticipated check from the IRS. (ECF No. 5 at 2). Per a letter from the U.S. Department of the Treasury, however, Plaintiff's anticipated check of $1,887.32 was applied to a past due debt for child support. (ECF No. 5 at 8). In his Objection, Plaintiff asserts that he provided documentation regarding his right to payment of the check to both the Montgomery County Child Support Enforcement Agency ("CSEA")—the agency that collected the child support—and the IRS. (*Id.* at 2). Plaintiff claims that the IRS issued a letter on March 3, 2022, indicating that no action would be taken against his account for past due child support, after receiving documentation from Plaintiff that he had been making child support payments since May 14, 2013, totaling $531.21. (*Id.* at 7). Plaintiff, however, failed to include in his filings evidence of the documentation he allegedly provided or of the IRS letter stating no action would be taken against his account. (*Id.*). As such, Plaintiff's Objection fails to provide support for his assertion that he is entitled to this payment or that he in fact will receive the $1,800 payment. (*Id.*); *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (A party's objections should be specific, identify the issues of contention, and "be clear enough to enable the District Court to discern those issues that are dispositive and contentious.").

Plaintiff was explicitly advised by the Magistrate Judge that his case would be dismissed if he failed to comply with the Deficiency Order. (ECF No. 2 at 2-3). "District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1932). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's

deadline under the Deficiency Order expired on October 17, 2022. (ECF No. 4 at 2), which warrants dismissal sua sponte. *See* Fed. R. Civ. P. 41(b).

Regardless, as a prisoner, Plaintiff is subject to the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(h). Plaintiff has already accumulated three strikes, which prohibits him from bringing additional *in forma pauperis* civil actions absent an "imminent danger of serious physical injury." *Alford v. Chambers-Smith*, No. 2:20-cv-3879, 2021 WL 164259, at *2 (S.D. Ohio Jan. 19, 2021) (Marbley, C.J.) (denying Plaintiff's request to proceed *in forma pauperis*), 28 U.S.C. § 1915(g). If Plaintiff can make a showing that he is in imminent danger of serious physical injury, he may seek to re-file and submit an *in forma pauperis* application. *Id.* Additionally, as discussed in the Magistrate Judge's R&R, the two-year statute of limitations with respect to the alleged harm that occurred at the July 2022 parole hearing began to run less than one year ago, leaving Plaintiff with ample time to re-file his case if he is unable to pay the filing fee. (ECF No. 4 at 2). *See generally Harris v. German Twp.*, No. 3:19-cv-341, 2022 WL 866815, at *5 (S.D. Ohio Mar. 23, 2022) (Rice, J.) (concerning the statute of limitations in cases filed under 42 U.S.C. § 1983); O.R.C. § 2305.10.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Objections (ECF No. 5) are **OVERRULED.** This Court **ADOPTS** the Magistrate Judge's R&R. (ECF No. 4). Plaintiff's Motion for Extension of Time to Pay Required Filing Fee (ECF No. 3) is **DENIED.** Therefore, this matter is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 12, 2023**

6